# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRY AMERICA, INC., | CASE NO. CV F 07-0537 LJO SMS |
| Plaintiff, | **AMENDED SCHEDULING CONFERENCE ORDER** |
| vs. | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, et al, | Expert Disclosure: January 26, 2009 |
| Defendants. | Supplemental Expert Disclosure: February 25, 2009 |
| | Nonexpert Discovery Cutoff: December 29, 2008 |
| | Expert Discovery Cutoff: April 22, 2009 |
| | Pretrial Motion Filing Deadline: May 11, 2009 |
| | Pretrial Motion Hearing Deadline: June 15, 2009 |
| | Settlement Conf.: Date: February 18, 2009  Time: 10 a.m.  Dept.: 7 (SMS) |
| | Pretrial Conf.: Date: July 1, 2009  Time: 8:30 a.m.  Dept.: 4 (LJO) |
| | Jury Trial: (5 days est.) Date: August 10, 2009  Time: 8:30 a.m.  Dept.: 4 (LJO) |

The parties requested to amend this Court's scheduling conference order for the following reasons:

1. On May 14, 2008, Plaintiff DAIRY AMERICA, INC. ("Dairy America") filed its Second

1

Amended Complaint (Document No. 36);

2. On June 12, 2008, the Court issued a Summons In a Civil Action ("Summons") to Hartford (Document No. 37);

3. On June 20, 2008, Hartford was served with the Summons and Second Amended Complaint;

4. On July 1, 2008, pursuant to the parties' agreement, the Settlement Conference was continued from July 21, 2008, to October 21, 2008, at 10:00 a.m. in Courtroom 7;

5. On July 9, 2008, Dairy America filed its Certificate of Service, demonstrating service of the Summons and Second Amended Complaint on Hartford (Document 39);

6. On July 10, 2008, Hartford filed its Answer to Second Amended Complaint (Document 40);

7. Plaintiff and Defendants wish to continue the Scheduling Conference Dates to allow additional time for non-expert discovery, disclosure of experts, expert discovery, pre-trial motions, pretrial conference, and trial because of the joinder of Hartford as a party to the action;

8. Except for continuations of the Settlement Conference, no previous extensions of these deadlines have been sought by Plaintiff or Defendants;

Good cause appearing, this Court sets the following amended schedule for this action.

**1.    Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **January 26, 2009.** Supplemental expert witness disclosures by any party shall be served no later than **February 25, 2009.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

**2.    Discovery Cutoffs And Limits**

All nonexpert discovery and related discovery motions (including motions to compel) shall be

completed or heard no later than **December 29, 2008.**  All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **April 22, 2009.**

**3.     Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **May 11, 2009.**  All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **June 15, 2009.**

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**4.     Mandatory Settlement Conference**

This Court sets a settlement conference for **February 18, 2009 at 10 a.m.** in Department 7 (SMS) before United States Magistrate Judge Sandra M. Snyder.  Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than February 11, 2008**, each party shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement.  This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.  Counsel are urged to request the return of their statements.  If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.     A brief statement of the facts of the case;

B.     A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.     A summary of the proceedings to date;

D.     An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E.	The relief sought; and

F.	The party's position on settlement, **including the amount which or otherwise what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**5.	Pretrial Conference**

This Court sets a pretrial conference for **July 1, 2009 at 8:30 a.m.** in Courtroom 4 (LJO). The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness and exhibits lists, objections thereto, and other trial documents.

**6.	Trial Date**

A 5-day jury trial is set for **August 10, 2009 at 8:30 a.m.** in Courtroom 4 (LJO). At this time, the parties request no bifurcation of issues.

**7.	Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be

1  made, either by stipulation or by subsequent status conference.  Stipulations extending the deadlines
2  contained herein will not be considered unless they are accompanied by affidavits or declarations with
3  attached exhibits, where appropriate, which establish good cause for granting the relief requested.
4      Failure to comply with this order shall result in the imposition of sanctions.
5      IT IS SO ORDERED.
6  **Dated:   August 1, 2008**              /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE