IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRY AMERICA, INC., | CASE NO. CV F 07-0537 LJO SMS |
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO RECONSIDER ORDER TO DENY AS MOOT ENTRY OF FINAL JUDGMENT** (Doc. 118.) |
| vs. | |
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, et. al, | |
| Defendants. | |

**BACKGROUND**

Plaintiff Dairy America, Inc. ("Dairy America") seeks reconsideration of this Court's September 25 order ("September 25 order") to deny as moot Dairy America's motion to enter final judgment as to summary judgment for defendants New York Marine and General Insurance Company ("NY Marine") and Crump Insurance Services dba Southern Marine & Aviation Underwriters, Inc. ("Southern Marine"). NY Marine and Southern Marine contend that there is no clear error or manifest injustice to warrant reconsideration. This Court considered Dairy America's reconsideration motion on the record and VACATES the November 9, 2009 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS Dairy America reconsideration.

**BACKGROUND**

**Denial Of Motion For Entry Of Judgment**

This Court's June 11, 2009 Summary Judgment Decision ("decision") granted NY Marine and

Southern Marine summary judgment on Dairy America's sole breach of insurance contract claim against NY Marine and Southern Marine. The decision concluded with the following:

> For the reasons discussed above, this Court:
>
> 1. GRANTS defendants NY Marine and Southern Marine summary judgment on Dairy America's breach of contract claim; and
>
> 2. DIRECTS the clerk to enter judgment against plaintiff Dairy America, Inc. and in favor of defendants New York Marine and General Insurance Company and Crump Insurance Services dba Southern Marine & Aviation Underwriters, Inc. (Uppercase in original.)

On June 11, 2009, the clerk entered a judgment ("June 11 judgment"), which states: "IT IS ORDERED AND ADJUDGED **THAT JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE COURT'S ORDER OF 6/11/09**." (Uppercase and bold in original.)

This Court's July 21, 2009 order denied reconsideration of summary judgment for NY Marine and Southern Marine.

On September 24, 2009, Dairy American filed its motion for entry of F.R.Civ.P. 54(b) final judgment as to the decision. The September 25 order denied "as moot Dairy America's motion in that the June 11, 2009 judgment is final for F.R.Civ.P. 54(b) purposes and this Court found no just reason to delay appeal of the judgment." The September 25 order explained:

> This Court surmises that Dairy America misconstrues the judgment as not final since neither the decision nor judgment expressly indicated there was no just reason to delay entry of judgment for appeal. *See* F.R.Civ.P. 54(b). To the extent there is any question, the judgment is final under F.R.Civ.P. 54(b) as to Dairy America, NY Marine and Southern Marine because the decision disposed of all claims among those parties. Entry of the judgment itself indicated "there is no just reason for delay" to enter judgment for appeal.

### **Dairy America's Reconsideration Request**

Dairy America seeks reconsideration of denial of its motion for entry of final judgment in that the June 11 judgment "does not procedurally qualify as a certified judgment" under F.R.Civ.P. 54(b) in the absence of expression of no just reason to delay entry of judgment from which to appeal. Dairy America contends that this Court's position that the June 11 judgment is final bars its timely appeal to result in "a manifest injustice."

NY Marine and Dairy America respond that there is no requirement to include "magic language" in the judgment "to place the parties on notice of a final judgment" in that an order granting summary

2

judgment "should be construed as a final judgment."

Dairy America replies that NY Marine and Southern Marine misconstrue F.R.Civ.P. 54(b) and controlling authority of the Ninth Circuit Court of Appeals.

## DISCUSSION

### Reconsideration Standards

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998).

However, reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in

the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

With these standards in mind, this Court turns to Dairy America's challenge that denial of its motion for entry of judgment is clear error.

### Judgment Involving Multiple Parties

F.R.Civ.P. 54(b) addresses judgments involving multiple parties and provides:

> . . . when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay.** Otherwise, any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Dairy America argues that F.R.Civ.P. 54(b)'s first sentence "requires a specific manifestation that there is no just cause for delay before directing the entry of a final judgment." Dairy America points to Fifth Circuit Court of Appeals decisions. In *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990), the Fifth Circuit observed:

> If the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under Rule 54(b), nothing else is required to make the order appealable. We do not require the judge to mechanically recite the words "no just reason for delay."

The Fifth Circuit subsequently explained:

> The intent must be *unmistakable*; the intent must appear from the order or from documents referenced in the order; we can look nowhere else to find such intent, nor can we speculate on the thought process of the district judge.

*Briargrove Shopping Center v. Pilgrim Enterprises*, 170 F.3d 536, 539 (5th Cir. 1999) (italics in original).

Dairy America relies on an appellate practice guide to note that the Ninth Circuit requires the

4

"magic language" that "there is no just reason for delay": "The district court's order must '*expressly*' determine 'that there is *no just reason for delay*.'" Simply referring to Rule 54(b), or indicating Rule 54(b) is being relied upon, is insufficient." 1 Goelz & Watts, *Federal Ninth Circuit Civil Appellate Practice* (2009) Appealability of District Court Orders and Judgments, para. 2:122, p. 2-34 (italics in original) (citing *National Ass'n of Homebuilders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003) (failure to include "express determination that there is no just reason for delay" was deficient); *Frank Briscoe Company, Inc. v. Morrison-Knudsen Company, Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) ("The district court's 54(b) certification was not valid. It never made a requisite 'express determination that there is no just reason for delay.'").

With F.R.Civ.P. 54(b)'s express determination a "party adversely affected by a final decision thus knows that his time for appeal will not run against him until this certification has been made." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-436, 76 S.Ct. 895 (1956).

Dairy America contends the June 11 judgment was not final in that it adjudicated only Dairy America's claims against NY Marine and Southern Marine, "leaving two other defendants to remain in the action." Dairy America claims that the decision and June 11 judgment were "insufficient to put Dairy America on notice that its time to appeal was running" in that the decision and June 11 judgment lacked an express determination of "no just reason for delay." Dairy America concludes that mere implication that judgment was entered with "no just reason for delay" is insufficient.

NY Marine and Southern Marine point to the second sentence of F.R.Civ.P. 54(b) and its reference to "any order or other decision, however designated, that adjudicates fewer than all the claims." NY Marine and Southern Marine construe the "no just reason for delay" requirement to apply to an order or decision "short of judgment." NY Marine and Southern Marine conclude since the June 11 judgment was entered, there was no requirement for the "no just reason for delay" expression.

Dairy America replies that F.R.Civ.P. 54(b) "makes no exception for a decision designated as a judgment."

This Court recognizes that neither the decision nor June 11 judgment includes the language "there is no just reason for delay" to enter final judgment. This Court further recognizes that it failed to follow the Ninth Circuit's direction noted in *Frank Briscoe Company*, 776 F.2d at 1416:

5

> The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

Despite the logic of NY Marine and Southern Marine's points, this Court is bound by Ninth Circuit precedent and agrees with Dairy America that the decision and June 11 judgment were ineffective as a final judgment for F.R.Civ.P. 54(b) purposes.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court GRANTS Dairy America reconsideration and in turn CONCLUDES that there is no just reason for delay to appeal the decision and June 11 judgment. The decision disposed of Dairy America's sole breach of insurance contract claim against NY Marine and Southern Marine. Such claim is unique to those parties and does not directly affect the other defendants in that the legal issues and factual issues surrounding the claim are dissimilar to Dairy America' claims against the other defendants. Dairy America is entitled to an expeditious appeal, and nothing suggests a need to delay its appeal. Dairy America's time to appeal runs from the date of this order.

This Court DIRECTS the clerk to process Dairy America's pending appeal. *See* Doc. 122.

IT IS SO ORDERED.

**Dated:   November 2, 2009**                          /s/ Lawrence J. O'Neill
                                                                              UNITED STATES DISTRICT JUDGE