IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRY AMERICA, INC., | CASE NO. CV F 07-0537 LJO SKO |
| Plaintiff, | **ORDER TO EXCLUDE ATTORNEY BILLING RECORDS AND TESTIMONY** |
| vs. | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant. / | |

Prior to the July 15, 2010 pretrial conference, defendant Hartford Casualty Insurance Company ("Hartford") raised the issue of plaintiff Dairy America, Inc.'s ("Dairy America's") failure to produce attorney billing materials to support economic damages arising from Hartford's denial of Dairy America's claim. After discussion with counsel at the pretrial conference, this Court permitted Dairy America to file papers to address its failure to produce attorney billing materials. On July 22, 2010, Dairy America filed its 27-page brief and 10-page declaration of its counsel Charles Manock ("Mr. Manock") with 187 pages of exhibits.

In *Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780, 806, 16 Cal.Rptr.3d 374 (2004), the California Supreme Court explained recovery of attorney fees as economic damages in an insurance bad faith case:

> . . . if an insurer fails to act fairly and in good faith when discharging its responsibilities concerning an insurance contract, such breach may result in tort liability for proximately caused damages. Those damages can include the insured's cost to hire an attorney to vindicate the insured's legal rights under the insurance policy. "When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain

1

the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss-damages-proximately caused by the tort. [Citation.] These fees must be distinguished from recovery of attorney's fees qua attorney's fees, such as those attributable to the bringing of the bad faith action itself. What we consider here is attorney's fees that are recoverable as damages resulting from a tort in the same way that medical fees would be part of the damages in a personal injury action." ( *Brandt, supra*, 37 Cal.3d at p. 817, 210 Cal.Rptr. 211, 693 P.2d 796.)

With its November 17, 2009 document requests, Hartford sought "all attorney fee bills and costs incurred by Dairy America for the purpose of obtaining policy benefits" under Hartford's policy issued to Dairy America. With its January 15, 2010 responses, Dairy America objected to the request for attorney fee bills and costs as seeking "information protected by the attorney-client and/or work product privilege." Dairy America further responded that "[n]on-privileged documents responsive to this request will be produced."

After the July 15, 2010 pretrial conference, Dairy America first produced 115 pages of billing materials to Hartford.

In *Xebec Development Partners, Ltd. v. National Union Fire Ins. Co. of Pittsburgh*, 12 Cal.App.4th 501, 569, 15 Cal.Rptr.2d 726 (1993), the California Court of Appeal addressed assertion of privilege as to billing materials:

> A party who asserts a privilege as to evidence essential to some element of his or her case will usually be obliged as a practical matter to forsake that element; his or her decision to do so will have been a necessary part of the decision to assert the privilege. But at least in circumstances such as those before the court here, the party cannot have it both ways: He or she cannot assert the privilege in discovery and then (having as a practical matter denied the adversary's legitimate discovery rights) waive the privilege and offer the proof at trial without taking or suffering steps appropriate to cure the prejudice to the adversary.

Dairy America goes to great lengths and verbosity to obscure the key issue at hand. The record reveals that for six months leading up to the July 15, 2010 pretrial conference, Dairy America invoked the attorney-client privilege and attorney work product doctrine as to the requested billing materials. This is an inescapable conclusion in that Dairy America did not disclose the billing materials until Hartford raised the issue just prior to the pretrial conference. Nothing suggests that Dairy America raised the issue of the billing statements in its F.R.Civ.P. 26(a)(1) or 26(a)(3) disclosures. Of key

/ / /

/ / /

importance, Dairy America did not list the billing materials as proposed exhibits in the joint pretrial statement.[1] Hartford justifiably concluded that Dairy America continued to invoke the attorney-client privilege and attorney work product doctrine as to the billing statements. Dairy America's laborious points regarding discovery extensions (some without this Court's adherence), changes in attorney personnel, and purported lack of diligence and expected good will of Hartford's counsel serve only to camouflage Dairy America's inaction to produce billing materials to which it now disavows the cloak of attorney-client privilege and attorney work product.

Dairy America's points as to lack of prejudice to Hartford are not credible. Permitting admission of the billing materials would compel Hartford to defend a claim of thousands of dollars with next to no meaningful preparation and potential continuation of trial, which this Court will not tolerate. Dairy America's proposals to permit belated expert designation and related discovery would serve only to impede and distract Hartford's trial preparation.

Equally incredible are Dairy America's notions that it had no duty to produce billing records. Such claim is game playing and ignores the parties' mutually beneficial agreements regarding belated discovery. In addition, belated disclosure of the billing materials on July 15, 2010 fails to comply with F.R.Civ.P. 26(a)(3)(B).

Dairy America's claim that it need not introduce billing materials is unavailing. Dairy America unjustifiably seeks to add Mr. Manock as a witness although he was not listed as a witness in the joint pretrial statement.[2] Without the billing materials, Dairy America proposes to address attorney fees by testimony of Dairy America officers who are listed as witnesses in the pretrial order and Mr. Manock. Mr. Manock's proposed testimony on reasonableness and need for fees would encompass expert opinion to require reopening expert discovery and compound prejudice to Hartford.

Moreover, Dairy America is not entitled to F.R.Civ.P. 60(b) relief in that its predicament

---

[1] Local Rule 281(b)(11) requires in the joint pretrial statement a "list of documents or other exhibits that the party expects to offer at trial. Only exhibits so listed will be permitted to be offered at trial except as may be otherwise provided in the pretrial order."

[2] Local Rule 281(b)(10) requires in the joint pretrial statement a list "of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses. Only witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order."

regarding the billing materials is of its own making, despite the passage of six months to address the matter. The relief which Dairy America seeks would cause manifest injustice – to Hartford.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court EXCLUDES the billing materials and Mr. Manock's testimony. As such, the Dairy America's economic attorney fees claim is barred in the absence of sufficient supporting evidence.

IT IS SO ORDERED.

**Dated:   July 23, 2010**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE